UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC., as nominee for lender,

        Appellant,                        Case No. 09-10321
                                                     Honorable Julian Abele Cook, Jr.

v.

KIMBERTLY A. JONES and SHERYL C. JONES,

        Appellees.

ORDER

On May 20, 2008, the Appellees, Kimbertly A. Jones and Sheryl C. Jones, filed for protection under Chapter 7 of the United States Bankruptcy Code. On July 11, 2008, the Appellant, Mortgage Electronic Registration Systems, Inc. filed an adversary proceeding against the Appellees in the United States Bankruptcy Court for the Eastern District of Michigan.

Nearly two months later (September 26th), the Appellant submitted several discovery requests to the Appellees in the form of interrogatories, requests to produce, as well as requests for admission. On November 7th, the Appellant filed a motion for the entry of a summary judgment in the Bankruptcy Court, contending that (1) the Appellees had failed to answer its requests for admissions, and (2) by virtue of Fed. R. Civ. P. 36(b), "all matters contained therein [were] deemed admitted." Moreover, the Appellant points out that "a matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn

or amended." The Appellees, after filing a response in opposition to the pending motion on November 11th, submitted their answers to the Appellant's various discovery requests on December 5th. Following a hearing on December 18th, Bankruptcy Judge Walter Shapero rejected the Appellant's dispositive request for the entry of a summary judgment. It was his belief that a summary judgment was not warranted inasmuch as the Appellees had now filed their answers to the Appellant's discovery requests, albeit untimely.

On January 27, 2009, the Appellant filed a motion for leave to file an interlocutory appeal in this federal district court. In support of its request, the Appellant contends that (1) the question to be determined is one of law, (2) the Appellees' failure to respond to its discovery requests establishes their liability, and (3) a decision on this issue in its favor would greatly expedite this litigation. In their opposition papers of February 18, 2009, the Appellees argue that the Appellant's motion is unwarranted because it has failed to establish that Bankruptcy Judge Shapero abused his discretion when rendering his decision.

Over fifteen years ago, the Sixth Circuit Court of Appeals cautioned that interlocutory appeals should be granted only in "exceptional cases," *Vitols v. Citizens Banking Co.,* 984 F.2d 168, 170 (6th Cir. 1993) (internal citations omitted), because of the disruption and delay that is inherent in the immediate appeal of an order. *United States v. Bilsky*, 664 F.2d 613, 615 (6th Cir. 1981).

When determining whether an interlocutory appeal from a bankruptcy court order is appropriate, district courts are encouraged to examine (1) 28 U.S.C. § 1292 (b)[1] and (2) the

---

[1]28 U.S.C. § 1292(b) provides, in part:

When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and

standards that have been adopted by the Sixth Circuit Court of Appeals when deciding whether or not to hear interlocutory appeals from federal district courts. *In the Matter of PHM Credit Corp.*, 99 B.R. 762, 767 (E.D. Mich. 1989). When evaluating the propriety of an interlocutory appeal, the Sixth Circuit Court of Appeals seeks to determine if (1) the challenged order involves a controlling legal question; (2) there is substantial ground for a difference of opinion relating to the issue under review; and (3) an immediate appeal would materially advance the termination of the litigation. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc. v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002).

A question of law is controlling "if it could materially affect the outcome of the case." *Id.* (citing *In re Baker & Getty Fin. Servs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 n.8 (6th Cir. 1992). Moreover, the type of legal questions that are addressed in 28 U.S.C. § 1292 (b) do not include issues which fall within the discretion of the trial court. *Id.* (citing *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994)).

Here, the Court does not believe that the Appellant's request for an interlocutory appeal is warranted for two reasons. First, the denial of a summary judgment by a Bankruptcy Judge is not immediately appealable. *See McMullen v. Meijer, Inc.*, 355 F.3d 485, 489 (6th Cir. 2004). Secondly, there is no purely legal and controlling question of law at issue. The denial of the Appellant's motion for summary judgment by Bankruptcy Judge Shapero was based on his conclusion that the Appellees' answers to interrogatories, though untimely, should be considered

---

that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order . . . .

in conjunction with the entire case. While recognizing that the Appellees' discovery responses were late, he did not "think the . . . appropriate response [would be] the granting of a judgment." As such, Judge Shapero's denial of the Appellant's motion for a summary judgment, as well as his order which authorized the Appellees' late discovery filings, are reviewable on an abuse of discretion standard. *See Romstadt v. Allstate Ins. Co.*, 59 F.3d 608, 615 (6th Cir. 1995) (denial of summary judgment reviewed for abuse of discretion); *Proctor v. USDE*, 196 Fed. Appx. 345, 347 (6th Cir. 2006 ) ("court enjoys broad discretion in handling discovery disputes"). As noted above, issues that fall within the discretion of the court are not appropriate for interlocutory review. *W. Tenn. Chapter of Assoc. Builders & Contractors, Inc.,* 293 F.3d at 350. Finally, the Court, when assessing the issues as a whole, does not believe that Judge Shapero abused his discretion under the circumstances that appear on this record.

Accordingly and for the reasons that have been stated above, the Court must, and does, deny the Appellant's motion for leave to file an interlocutory appeal.

IT IS SO ORDERED.

Dated: March 11, 2009             s/Julian Abele Cook, Jr.
       Detroit, Michigan          JULIAN ABELE COOK, JR.
                                  United States District Court Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 11, 2009.

                                  s/ Kay Doaks
                                  Case Manager